UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

ANDREW MATHIS,

      Plaintiff,

  -v-                                          **COMPLAINT**

CITY OF NEW YORK, POLICE OFFICER      **JURY TRIAL DEMANDED**
SEAN ORIORDAN, POLICE OFFICER
JOHN DOE,                                              25-cv-8922

      Defendants.

---------------------------------------------------------X

Andrew Mathis ("Plaintiff"), by and through his counsel, Cody Warner, P.C., states and alleges as follows against the City of New York, Police Officer Sean Oriordan ("Defendant Oriordan"), and Police Officer John Doe ("Defendant Doe"):

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 against the individual defendants for false arrest, malicious prosecution, denial of the right to a fair trial, and excessive force. Additionally, Plaintiff asserts analogous claims under New York state law against the individual defendants and against the City of New York under the doctrine of *respondeat superior*.

2. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and further relief as the Court deems just and proper.

## JURISDICTION

1

3. The federal claims in this action are brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction for those claims is conferred upon this court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (a)(4).

4. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the non-federal claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy which gives rise to the federally based claims and causes of action.

## JURY TRIAL DEMANDED

5. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury for all his claims as pleaded herein.

## VENUE

6. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), because the events giving rise to this complaint occurred within this district.

## PARTIES

7. Plaintiff is an adult individual who, at all times relevant in the complaint, was in New York City.

8. Defendant Oriordan is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD").

9. Defendant Doe is and was at all times relevant herein an officer, employee, and agent of the NYPD.

10. Defendant Oriordan and Defendant Doe are sued in their individual and official capacities. At all times mentioned herein, each individual defendant acted under the color of state law, in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

11. Defendant City is a municipality created and authorized under the laws of New York State. It is authorized to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## NOTICE OF CLAIM

12. Plaintiff served a Notice of Claim on Defendant City within ninety days of the incident. The City of New York conducted a General Municipal Law 50-h hearing on February 26, 2025.

13. This action commenced within one year and ninety days after the occurrence of the event upon which the claims are based.

## STATEMENT OF FACTS

14. During the early hours of August 17, 2024, Plaintiff exited Marquee—a venue at 289 10th Avenue—with his friends.

15. Immediately after Plaintiff exited Marquee, a bouncer grabbed a drink that was in Plaintiff's hand and then pushed Plaintiff into a barricade.

16. Another bouncer stepped between Plaintiff and the bouncer who had pushed him. Plaintiff spoke to that bouncer.

17. While Plaintiff spoke with the bouncer, Defendant Doe exited his NYPD patrol vehicle that was parked nearby.

18. Defendant Doe walked up to Plaintiff, grabbed him from behind, spun him around, and pushed him against a wall.

19. Defendant Oriordan then approached and grabbed Plaintiff.

20. Defendant Oriordan and Defendant Doe pulled Plaintiff to the ground.

21. Defendant Oriordan and Defendant Doe repeatedly punched Plaintiff in the face until his body went limp.

22. After Plaintiff's body went limp, Defendant Oriordan lifted Plaintiff's head off the ground and then slammed Plaintiff's head, face-first, into the concrete sidewalk.

23. Shortly thereafter, when Plaintiff was incapacitated and lying on the ground with his hands held behind his back by the Defendants, Defendant Oriordan punched Plaintiff six more times in the face.

24. Defendant Oriordan punched Plaintiff in the face, with a closed fist, a total of twenty times.

25. Defendant did not punch anyone once.

26. Defendant did not commit any offenses.

27. Nevertheless, Defendants placed handcuffs on Plaintiff and transported him to the NYPD's 10th Precinct.

28. Plaintiff had not committed any offenses, and therefore his arrest was not supported by probable cause or otherwise privileged.

29. While in police custody, Plaintiff was transported to Lenox Hill Hospital for treatment related to the injuries caused by Defendant Oriordan and Defendant Doe.

30. Defendant Oriordan drafted arrest paperwork for Plaintiff's arrest. In that paperwork, he falsely alleged that Plaintiff made a fist with his hands and swung his arms toward a bouncer at Marquee.

31. Defendant Oriordan forwarded the arrest paperwork he drafted to the New York County District Attorney's Office ("DA").

32. Relying on the fabricated arrest paperwork forwarded by Defendant Oriordan, the DA drafted a criminal complaint against Plaintiff, which charged Plaintiff with Resisting Arrest (P.L. § 205.30), Attempted Assault in the Third Degree (P.L. § 110/120.00(1)), and Harassment in the Second Degree (P.L. § 240.26(3)).

33. The DA forwarded a draft of the criminal complaint to Defendant Oriordan, who signed the criminal complaint and forwarded it back to the DA.

34. The prosecution commenced against Plaintiff by Defendant Oriordan was not supported by probable cause.

35. Plaintiff was arraigned in New York County Criminal Court on the criminal complaint signed by Defendant Oriordan.

36. At Plaintiff's arraignment, the judge released Plaintiff and ordered him to appear again at his next court date.

37. Plaintiff's case was adjourned multiple times until it was dismissed and sealed on November 18, 2024.

38. Plaintiff suffered significant pain and bruising to his left eye from the incident.

39. Plaintiff suffered a concussion from the incident, and Plaintiff sought treatment for his concussion at the Stamford Health Concussion Center.

40. As a direct and proximate result of the said acts of the Defendants, Plaintiff sustained the following injuries and damages:

   a. Deprivation of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

   b. Deprivation of his rights under the laws and Constitution of the State of New York;

   c. Emotional distress, degradation and suffering;

   d. Physical pain and suffering;

   e. Economic losses; and

   f. Loss of liberty.

## CAUSES OF ACTION

### FIRST CLAIM

**False Arrest Under 42 U.S.C. § 1983**

41. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

42. Defendant Oriordan and Defendant Doe deprived Plaintiff of his rights afforded by the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting and detaining Plaintiff.

43. The wrongful and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without probable cause, without a warrant, and without privilege or consent.

44. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### False Arrest Under New York State Law

45.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

46.     Defendant Oriordan and Defendant Doe subjected Plaintiff to false arrest and deprivation of liberty without probable cause.

47.     Plaintiff was conscious of his confinement.

48.     Plaintiff did not consent to his confinement.

49.     Plaintiff's arrest was not otherwise privileged.

50.     Defendant City, as the employer of Defendant Oriordan and Defendant Doe, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

51.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM

### Malicious Prosecution Under 42 U.S.C. § 1983

52.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

53.      Defendant Oriordan violated Plaintiff's Fourth and Fourteenth Amendment rights by maliciously prosecuting Plaintiff.

54.     Defendant Oriordan commenced a prosecution against Plaintiff.

55.     Defendant Oriordan lacked probable cause to believe Plaintiff was guilty or that the prosecution would succeed.

56.     Defendant Oriordan acted with malice.

57. In the absence of probable cause, malice may be inferred.

58. The prosecution was terminated in Plaintiff's favor.

59. As direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM

### Malicious Prosecution Under New York State Law

60. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

61. Defendant Oriordan maliciously prosecuted Plaintiff.

62. Defendant Oriordan commenced a prosecution against Plaintiff.

63. Defendant Oriordan lacked probable cause to believe Plaintiff was guilty or that the prosecution would succeed.

64. Defendant Oriordan acted with malice.

65. In the absence of probable cause, malice may be inferred.

66. The prosecution was terminated in Plaintiff's favor.

67. Defendant City, as employer of Defendant Oriordan, is responsible for his wrongdoing under the doctrine of *respondeat superior*.

68. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM

### Denial of Right to a Fair Trial Under 42 U.S.C. § 1983

69. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

70. Defendant Oriordan deprived Plaintiff of his Fourth, Fifth, and Fourteenth Amendment right to a fair trial.

71. As the arresting officer of Plaintiff, Defendant Oriordan was an investigating official for Plaintiff's arrest.

72. Defendant Oriordan deliberately forwarded fabricated information to the New York County District Attorney's Office.

73. The fabricated information forwarded by Defendant Oriordan was likely to influence a jury's verdict.

74. As a direct and proximate result of this unlawful conduct, Plaintiff was deprived of his liberty and sustained the damages hereinbefore alleged.

## SIXTH CLAIM

### Excessive Force Under 42 U.S.C. Section 1983

75. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

76. By the actions described, Defendant Oriordan and Defendant Doe deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from excessive and unreasonable force.

77. As a direct and proximate result of the aforementioned conduct of Defendant Oriordan and Defendant Doe, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SEVENTH CLAIM

### Assault and Battery Under N.Y. State Law

78. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

79. As detailed above, Defendant Oriordan and Defendant Doe intentionally touched Plaintiff in an offensive and harmful manner, and they intentionally subjected him to offensive and harmful contact.

80. As detailed above, Defendant Oriordan and Defendant Doe placed Plaintiff in apprehension of imminent and harmful bodily contact.

81. Defendant City, as employer of Defendant Oriordan and Defendant Doe, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

82. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM

### Negligent Hiring, Retention and Supervision Under New York State Law Against Defendant City

83. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

84. Defendant City owed a duty of care to Plaintiff to adequately hire, retain, and supervise its employees, Defendant Oriordan and Defendant Doe.

85. Defendant City breached that duty of care.

86. Defendant City placed Defendant Oriordan and Defendant Doe in positions where they could inflict foreseeable harm.

87. Defendant City knew or should have known of Defendant Oriordan's and Defendant Doe's propensities for violating the individual rights granted under the United States Constitution and the laws of the State of New York, prior to the injuries incurred by Plaintiff.

88. Defendant City failed to take reasonable measures in hiring, retaining and supervising Defendant Oriordan and Defendant Doe that would have prevented the aforesaid injuries to Plaintiff.

89. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief jointly and severally against the Defendants:

    a. An order awarding compensatory damages for Plaintiff in an amount to be determined at trial;

    b. An order awarding punitive damages in an amount to be determined at trial;

    c. A court order pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

    d. Such other and further relief as this Court may deem appropriate.

DATED:   October 28, 2025
              New York, New York

*Cody Warner*
Cody Warner, Esq.
11 Broadway
Suite 615
New York, NY 10004
cody@codywarnercriminaldefense.com
212-627-3184

*Attorney for Plaintiff*